THE STATE OF OHIO *v.* STRAWSER.

(No. CR 83-4-28—Decided July 28, 1983.)

Court of Common Pleas of Van Wert County.

*Mr. Stephen E. Keister,* prosecuting attorney, for plaintiff.

*Mr. Charles D. Steele,* for defendant.

WALTERS, J. This matter came on to be heard upon the motion of the defendant, Mary Ellen Strawser, to suppress all evidence and statements made to members of the Van Wert County Sheriff's Department on December 15, 1982.

The testimony elicited at the hearing was uncontroverted that:

1. The defendant voluntarily presented herself to the Van Wert County Sheriff's Department on December 15, 1982 after hearing that Detective Sgt. Owens wanted to talk to her concerning some crimes in Van Wert and Paulding Counties.

2. At the outset of the interview, Owens stated, "Mary, ah, once you, at this point, ah understand, you have a right to remain silent; OK, this is just a formality, ah, anything you say can and will be used against you in a court of law; you have a right to contact an attorney and have him present before you are questioned if you wish; * * * OK, and also if you cannot afford to hire a lawyer, one will be appointed for you from public, from any public funds. Do you understand that?" Also when the interview was resumed at 11:23 P.M. on the same date, Owens again stated: "Okay Mary, just to remind you, I did advise you earlier, I gave you earlier, of your constitutional rights * * * OK, you are talking to me freely."

3. At both times, the defendant responded in a manner that can be reasonably interpreted as that she understood her rights and chose not to so exercise them.

4. That defendant was, at no time during this interrogation, under arrest,

substantially deprived of her freedom, or put in fear of same.

In dealing with the duty of a law enforcement officer to inform a suspect of his rights under the privilege against self-incrimination and the corresponding right of the suspect so to be informed, we must determine at what point the duty becomes incumbent on the law enforcement officer and the rights of the suspect attach.

Under *Miranda* v. *Arizona* (1966), 384 U.S. 436 [36 OO.2d 237], the decisive stage is reached when "custodial interrogation" begins. "Custodial interrogation" is defined as questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Id.* at 445.

The case of *Oregon* v. *Mathiason* (1977), 429 U.S. 492, has a fact pattern very similar to the present case. In that case, however, no attempt was made to warn the defendant of his *"Miranda* rights." The Supreme Court of Oregon reversed the conviction, holding that the interrogation took place in a "coercive environment," since the interview took place at the state police offices and the defendant was a suspect even though defendant voluntarily appeared at the office in response to a request, was told he was not under arrest, and left the police station after the interview without hindrance.

The Supreme Court of the United States held, upon review, however, that:

"Such a noncustodial situation is not converted to one which *Miranda* applies simply because a reviewing court concludes that, even in the absence of any formal arrest restraint on freedom of movement, the questioning took place in a 'coercive environment.' Any interview of one suspected of a crime by a police officer will have coercive aspects to it, simply by virtue of the fact that the police officer is part of a law enforcement system which may ultimately cause the suspect to be charged with a crime. But police officers are not required to administer *Miranda* warnings to everyone whom they question. Nor is the requirement of warnings to be imposed simply because the questioning took place in the station house, or because the questioned person is one whom the police suspect. *Miranda* warnings are required only where there has been such a restriction on a person's freedom as to render him 'in custody.' It was *that* sort of coercive environment to which *Miranda* by its terms was made applicable, and to which it is limited." *Id.* at 495.

In a similar vein, the Supreme Court, in *Beckwith* v. *United States* (1976), 425 U.S. 341, defined when a suspect becomes the "focus" of a criminal investigation for the purposes of the *"Miranda"* warnings, stating:

*"Miranda* implicitly defined 'focus' for its purposes, as 'questioning initiated by law enforcement officers *after* a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.' " *Id.* at 347.

In accordance with the above discussion, this court finds that the defendant's motion is not well-taken and therefore overrules same.

*Motion to suppress overruled.*